Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL II**

| | | |
|---|---|---|
| Espacio Residential, LLC<br><br>Apelante<br><br>vs.<br><br>Iván R. Sotomayor Serra y/o Iván R. Sotomayor Cerra t/c/c Iván Sotomayor Cerra t/c/p Iván Sotomayor Serra, María Teresa Velilla Sotomayor t/c/c/ María T. Velilla Sotomayor y la Sociedad Legal de Bienes Gananciales compuesta por ambos<br><br>Apelados | TA2026AP00552 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm.: N3CI201200444<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca por la Vía Ordinaria |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

La parte apelante, Espacio Residential, LLC. (Espacio Residential), comparece ante este Foro, con el objetivo de que revisemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI), el 17 de abril de 2026. En su dictamen, el TPI ordenó la desestimación y el archivo de la demanda de epígrafe, sin perjuicio, en virtud de la Regla 69.5 de Procedimiento Civil, *infra*.

Por las razones que esbozamos a continuación, revocamos la *Sentencia* apelada.

**I.**

Según surge del expediente, el caso de autos inició en el 2012, cuando Doral Bank presentó una *Demanda* sobre cobro de dinero y

ejecución de hipoteca por la vía ordinaria en contra del señor Iván Rafael Sotomayor Cerra, también conocido como Iván Rafael Sotomayor Serra, la señora María Teresa Velilla Sotomayor, también conocida como María Teresa Vilella Sotomayor, (matrimonio Sotomayor-Velilla) y la Sociedad Legal de Bienes Gananciales compuesta por ambos. El banco alegó que, los demandados incumplieron con los términos de un préstamo garantizado por un pagaré hipotecario otorgado el 30 de junio de 2005, sobre una propiedad ubicada en el municipio de Río Grande. La demanda se enmendó en dos (2) ocasiones; una para añadir a Inversiones Colimarc, Inc. (Inversiones Colimarc) y a los Estados Unidos de América como parte demandada, y otra para desistir de la acción de cobro de dinero y continuar con la causa de acción *In Rem*.

El 4 de noviembre de 2014, Doral Bank incoó una *Moción Urgente Solicitando Sustitución de Parte*. En lo que nos atañe, solicitó al Tribunal que autorizara sustituir a la parte demandante por el dueño del préstamo en cuestión, Roosevelt Cayman Asset Company (Roosevelt Cayman), y ordenara la enmienda del epígrafe. El 5 de noviembre de 2014, el TPI emitió una *Orden*, mediante la cual declaró *Ha Lugar* dicho petitorio.

Tras varios incidentes procesales, acaecidos en el Tribunal de Quiebra para el Distrito de Puerto Rico, y la paralización por un tiempo del caso de autos en el Tribunal de Primera Instancia[1], en el 2022, Roosevelt Cayman informó que el crédito hipotecario objeto de ejecución en el caso fue transferido a Espacio Residential con todos sus derechos como acreedor y demandante. Expuso que dicha entidad era una compañía de responsabilidad limitada organizada y existente conforme a las leyes de Puerto Rico. Ante ello, requirió al Tribunal que autorizara la sustitución de la parte demandante.

---

[1] Ello, toda vez que el señor Sotomayor Serra se acogió a los procedimientos de la Ley de Quiebras Federal, caso núm. 21-00075-MCF.

Luego de ciertos trámites, el TPI autorizó la solicitud el 23 de agosto de 2022.

Posteriormente, el 27 de febrero de 2024, Espacio Residential solicitó el desistimiento de las causas de acción personales en contra de la señora Velilla y del señor Sotomayor. También aclaró que solo deseaba continuar con los procedimientos de ejecución de hipoteca contra la propiedad de Inversiones Colimarc y que esta última no hacía contestado la demanda, por lo que procedía la anotación de la rebeldía. El 3 de mayo de 2024, Inversiones Colimarc presentó su *Contestación a Demanda.*

Al cabo de varios acontecimientos procesales, el foro de instancia pospuso una vista de descalificación relacionada al licenciado Sergio Ramírez de Arellano, abogado de Espacio Residential, en atención a la existencia de una queja ética presentada ante el Tribunal Supremo de Puerto Rico. En respuesta, el 31 de enero de 2026, el señor Sotomayor Serra, por derecho propio, instó una *Moción de Reconsideración.* Entre otras cosas, adujo que, Espacio Residential era una corporación con domicilio fuera de Puerto Rico y que había incumplido con la prestación de la fianza que preceptúa la Regla 69.5 de Procedimiento Civil. Anejó a su comparecencia una comunicación escrita enviada por la aludida corporación el 24 de febrero de 2022, que informaba sobre una dirección en New York. Por tanto, requirió que se paralizara el pleito hasta tanto se cumpliera con el pago de la fianza.

El 4 de febrero de 2026, el TPI dictó una *Orden,* a través de la cual, sin concederle oportunidad a Espacio Residential para expresarse, determinó lo siguiente:

> Se ordena la PARALIZACIÓN de todos los procedimientos en el caso de epígrafe. Esta suspensión se mantendrá en vigor hasta tanto el Tribunal Supremo de Puerto Rico se exprese sobre la queja disciplinaria en curso.

No obstante, lo anterior, y conforme a lo dispuesto en la Regla 69.5 de Procedimiento Civil, se requiere a la parte demandante la prestación de una fianza por la cantidad de mil dólares ($1,000.00). Dicha suma deberá ser consignada en la Secretaria de este Tribunal dentro de un término de sesenta (60) días, contados a partir de la notificación de esta Orden.

Transcurrido el término de sesenta (60) días sin que la fianza haya sido prestada, este Tribunal procederá con la desestimación del pleito.

Transcurrido el término concedido para prestar la fianza, el Tribunal emitió la *Sentencia* que hoy revisamos. En esta desestimó sin perjuicio la demanda de referencia, al palio de la Regla 69.5 de Procedimiento Civil. En su dictamen, expresó lo siguiente:

Examinado el estado procesal de los autos, este Tribunal observa que, si bien el 4 de febrero de 2026 se ordenó la paralización de los procedimientos en espera de una resolución del Tribunal Supremo, dicha orden no relevó a la parte demandante de su obligación de prestar la fianza de no residente, dentro del término de 60 días contados a partir de la fecha de notificación de la orden, al amparo de la Regla 69.5 de Procedimiento Civil.

Inconforme, Espacio Residential recurre ante nos, imputándole al TPI los siguientes errores:

Primer error: Erró el Tribunal de Primera Instancia al imponer una fianza de no residente a la parte demandante-apelante en violación al derecho aplicable.

Segundo error: Erró el Tribunal de Primera Instancia al violar el debido proceso de ley al dictar sentencia de desestimación sin brindarle a Espacio una oportunidad de ser oída.

Con el beneficio de la comparecencia de Inversiones Colimarc, procedemos a resolver.

## II.

Las Reglas de Procedimiento Civil proporcionan cierto grado de protección a quienes son demandados por las personas que no residen en Puerto Rico. Cuando un reclamante no reside en nuestra jurisdicción, el demandado podría enfrentar dificultades para recuperar los costos que conlleva el defenderse de una reclamación en su contra. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 622

(2022); *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 261 (2021); *Yero Vicente v. Nimay Auto,* 205 DPR 126 (2020).

En lo pertinente, la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5, provee:

> Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar las costas, gastos y honorarios de abogados a que pueda ser condenada. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil dólares ($1,000). El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.
>
> Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.
>
> No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:
>
> > (a) Se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;
> >
> > (b) se trate de un(a) copropietario(a) en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro(a) de los(las) copropietarios(as) también es reclamante y reside en Puerto Rico, o
> >
> > (c) se trate de un pleito instado por un(a) comunero(a) para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.

La exigencia de la fianza a un reclamante no residente es de carácter mandatorio y todo procedimiento en el pleito queda suspendido hasta que se preste. *VS PR, LLC v. Drift-Wind, supra.* No obstante, existen excepciones a la aplicación inflexible y automática de la Regla, expuestas en la Regla 69.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.6.

El lenguaje provisto por la Regla 69.5 de Procedimiento Civil no es potestativo, sino imperativo, por lo que, ante el incumplimiento con el término, el tribunal está obligado a imponer como sanción la desestimación. Ahora bien, el término que ésta fija

puede ser prorrogado o reducido bajo los términos y las condiciones que señala la Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V.

**III.**

En la presente causa, la parte apelante alega esencialmente que, el foro primario erró en derecho al imponerle una fianza de no residente al amparo de la Regla 69.5 de Procedimiento Civil, *supra*, y, en consecuencia, al desestimar la acción de referencia. Lo anterior, sin que se le concediera oportunidad real de controvertir la base fáctica utilizada para tomar ese curso de acción, ni de presentar la documentación acreditativa de su carácter doméstico. Añade que, el TPI se basó exclusivamente en una carta emitida el 22 de febrero de 2022, con una dirección postal del administrador del préstamo que no constituía su sede ni su naturaleza jurídica como titular del crédito. Por igual, argumenta que la prueba disponible en el expediente acredita que es una corporación organizada bajo las leyes de Puerto Rico con existencia vigente y no un reclamante no residente o una corporación extranjera para propósitos de la Regla 69.5 de Procedimiento Civil.

Además, la parte apelante esboza que Inversiones Colimarc es la única parte demandada con capacidad procesal en esta etapa del litigio, no el señor Sotomayor, quien ya no es parte. Ante ello, destaca que la solicitud concernida nunca debió atenderse por el foro primario y tampoco debió haberse impuesto la fianza de no residente. Es su contención que no debe sostenerse la desestimación del caso.

Por otro lado, la parte apelada entiende que la *Sentencia* es producto de un ejercicio mesurado y correcto de la discreción judicial. Su argumento principal es que, la parte apelante fue apercibida con absoluta claridad de la consecuencia de no cumplir con la prestación de la fianza de no residente y decidió cruzarse de brazos. Por ende, aduce que, al no haber planteado oportunamente

ante el TPI que la fianza no le era exigible, la parte apelante renunció a dicho planteamiento.

Examinados los hechos particulares del caso, y analizada la normativa imperante, resolvemos que el Tribunal de Primera Instancia erró al dictar la *Sentencia.*

Sabido es que, si una parte reclamante reside fuera de Puerto Rico o es una corporación extranjera, el tribunal requerirá que preste la fianza contemplada en la Regla 69.5 de Procedimiento Civil, *supra.* Dicha fianza tiene el propósito de proteger al demandado ante las dificultades que podría enfrentar para recuperar los costos que conlleva defenderse de una reclamación. *VS PR, LLC v. Drift-Wind, supra.* Esta es de carácter mandatorio, aunque existen ciertas excepciones.

De la moción de reconsideración incoada por la parte apelante ante el TPI, específicamente del *Certificate of Formation of a Limited Liability Company,* el *Certificate of Good Standing* y el *Certificate of Existence,* expedidos por el Departamento de Estado, surge que es una corporación residente y local de Puerto Rico. Además, se desprende que el documento incluido por la parte apelada, y que fue la base para que el foro *a quo* impusiera la fianza de no residente, contiene una dirección del agente de servicio de Espacio Residential, Rushmore Loan Management Services, LLC. A lo anterior se añade que: (1) el Tribunal ordenó la imposición de la fianza de forma automática, sin brindarle oportunidad a la parte apelante de acreditar si en efecto era un reclamante residente en Puerto Rico y (2) aunque transcurrieron los 60 días concedidos mediante *Orden* del 4 de febrero de 2026 y la parte apelante no prestó la fianza de no residente, el foro de instancia sostuvo la desestimación del pleito aun cuando esta parte presentó argumentos en derecho sólidos en la solicitud de reconsideración.

Por entender que no procedía la imposición a la parte apelante de la fianza de no residente, concluimos que el TPI abusó de su discreción al desestimar la demanda en las condiciones que exhibe la presente causa. En consecuencia, procede revocar la *Sentencia* apelada.

**IV.**

En virtud de lo anteriormente expresado, revocamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones